**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARTHA ARMIJO, et al.,

       Plaintiffs,

v.                                                       No. Civ. 09-90 RHS/CEG

LAS CRUCES POLICE OFFICERS
Rob Peterson, et al.,

       Defendants.

**ORDER DENYING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendants' "Motion for Summary Judgment as to all Claims and Motion to Dismiss State Law Claims" ("Motion"), filed February 12, 2009 **[Doc. No. 8]**.[1] Plaintiffs filed a response[2] and Defendants filed a reply. Having considered the parties' submittals, the relevant authorities, and being otherwise advised in the premises, the Court finds that Defendants' Motion is not well-taken and will be denied.

This lawsuit arises from an incident that occurred on September 22, 2006 in which several Las Cruces police officers responded to bomb threats received at Oñate High School. During the incident, several police officers entered the home of Plaintiffs and questioned Plaintiff Christopher Armijo Sanchez. In their Complaint, Plaintiffs assert claims pursuant to 42 U.S.C. § 1983, alleging that their Fourth Amendment rights were violated because Defendants

---

[1] Defendants state that "concurrence of opposing counsel was neither sought nor obtained" prior to filing their Motion. (Motion at 2 ¶ 4). Defendants are reminded that the local rules provide: "Movant must determine whether a motion is opposed, and a motion that omits a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a).

[2] The small font size of the response is difficult to read. Plaintiffs are reminded that the "typewritten text of all documents must be at least 12 pitch." LR-Civ. 10.1.

illegally and unreasonably entered their home.  Plaintiffs also assert various state law claims.

## *Standards of Review*

The Court may enter summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).[3]  Judgment is appropriate "as a matter of law" if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The Court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor.  Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999).

When Defendants raise the affirmative defense of qualified immunity in a summary judgment motion, the burden shifts to Plaintiffs to establish that Defendants' actions violated a constitutional or statutory right and that the right at issue was clearly established at the time of the defendant's unlawful conduct.  Gross v. Pirtle, 245 F.3d 1151, 1155-56 (10th Cir. 2001).  If Plaintiffs fail to meet this burden, then the Court must grant the defendant qualified immunity.  Id. at 1156.  If Plaintiffs do establish the violation of a clearly established constitutional or statutory right, then the burden shifts to Defendants to prove that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.  Id.

Dismissal for failure to state a valid claim is proper if Plaintiffs fail to plead "enough

---

[3] A "genuine issue" exists where the evidence before the Court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party as to that issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52 (1986).  A fact is "material" if it might affect the outcome of the case.  Id. at 248.

facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __ 127 S.Ct. 1955, 1974 (2007). The well-pleaded factual allegations in Plaintiffs' complaint must be accepted as true and construed in the light most favorable to Plaintiffs. See Bryson v. Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990).

*Discussion*

Defendants move for summary judgment on Plaintiffs' § 1983 claims on the basis of qualified immunity. In their Motion, Defendants concede that Las Cruces police officers entered Plaintiffs' home without a warrant or without first obtaining consent. "Thus, defendants' actions were presumptively unreasonable under the Fourth Amendment unless an exception to the warrant requirement applies." Roska ex rel Roska v. Peterson, 328 F.3d 1230, 1240 (10th Cir. 2003) (citation omitted). Here, Defendants contend that their warrantless entry into Plaintiffs' home was justified due to exigent circumstances. Plaintiffs argue that exigent circumstances did not justify Defendants' warrantless entry into their home.

Having considered the parties' argument and evidence, the Court finds that material facts underlying a determination of whether Defendants' conduct was reasonable under the circumstances are in dispute.[4] Thus, the Court is unable to conclude whether Defendants' warrantless entry into Plaintiffs' home was reasonable. Summary judgment on qualified immunity grounds is not appropriate under these circumstances. See Olsen v. Layton Hills Mall, 312 F.3d 1304, 1312 (10th Cir. 2002) (explaining that summary judgment based on qualified immunity is properly denied where there exist unresolved factual disputes relevant to the

---

[4] For example, although Defendants contend that the entry into Plaintiffs' home was justified by exigent circumstances, Plaintiffs point to evidence showing Defendants did not have objectively reasonable grounds to believe that there was an immediate need to protect lives.

immunity analysis) (citation omitted); see also Thomas v. Roach, 165 F.3d 137, 143 (6th Cir. 1999) (stating that summary judgment on qualified immunity is not appropriate where material facts determinative of reasonableness are in dispute).  Consequently, Defendants' motion for summary judgment on Plaintiffs' § 1983 claims will be denied.

Defendants also move to dismiss Plaintiffs state law claims because the complaint "was not filed and served within the statute of limitations plus a reasonable time for service." (Memorandum in Support of Motion at 23, filed Feb. 12, 2009 **[Doc. No. 8-2]**).  The parties do not dispute that the complaint was filed within the statute of limitations.  Plaintiffs explain that a four month delay in serving Defendants resulted from "counsel's inadvertence and oversight." (Plaintiffs' Memorandum in Support of Response to Defendants' Motion at 12-13, filed Mar. 10, 2009 **[Doc. No. 14]**).  Under the circumstances of this case, the Court does not find that four months constituted an unreasonable delay in effecting service on Defendants.  Accordingly, Defendants' motion to dismiss Plaintiffs' state law claims on this basis will be denied.

WHEREFORE,

IT IS ORDERED that Defendants' "Motion for Summary Judgment as to all Claims and Motion to Dismiss State Law Claims" **[Doc. No. 8]** is **denied**.


*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE