IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTHA ARMIJO, et al.,

      Plaintiffs,

v.                                                  No. Civ. 09-90 RHS/CEG

LAS CRUCES POLICE OFFICERS
Rob Peterson, et al.,

      Defendants.

## ORDER DISMISSING PLAINTIFF'S § 1983 CLAIMS

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment as to all Claims and Motion to Dismiss State Law Claims ("Motion"), filed February 12, 2009 **[Doc. 8]** and the United States Court of Appeals for the Tenth Circuit's ("Tenth Circuit's") opinion in <u>Armijo ex rel. Armijo Sanchez v. Peterson</u>, 601 F.3d 1065 (10th Cir. 2010).  This Court concluded that summary judgment was not appropriate on the basis of qualified immunity and denied Defendants' Motion on April 9, 2009.  (<u>See</u> Order Denying Defendants' Motion for Summary Judgment and Motion to Dismiss **[Doc. 19]**).  Defendants filed a notice of appeal on May 1, 2009.  (<u>See</u> Notice of Appeal **[Doc. 24]**).  In an opinion issued on April 13, 2010, the Tenth Circuit found that "the [Defendant] officers deserve qualified immunity" and reversed this Court's decision.  <u>Armijo</u>, 601 F.3d at 1075.  On August 4, 2010, the Tenth Circuit issued its mandate in this case.  (<u>See</u> Letter from Elisabeth A. Shumaker to Matthew Dykman (dated August 4, 2010), filed Aug. 4, 2010 **[Doc. 30]**).  In accordance with the opinion of the Tenth Circuit, the Court will grant Defendants' motion for summary judgment on the basis of qualified immunity and dismiss Plaintiff's Fourth Amendment claims pursuant to 42 U.S.C. § 1983.

Plaintiff asserted § 1983 claims against Defendant officers in their personal and official

capacities, but did not explicitly name the City of Las Cruces as a Defendant in this case. However, to the extent that Plaintiff seeks to assert a claim of municipal liability against the City of Las Cruces, such a claim should also be dismissed. "A municipality may not be held liable where there was no underlying constitutional violation by any of its officers." Wilson v. Meeks, 98 F.3d 1247, 1255 (10th Cir. 1996) (quoting Hinton v. City of Elwood, Kan., 997 F.2d 774, 782 (10th Cir.1993)) (internal quotation marks and citation omitted). In this case, the Tenth Circuit determined that Defendant officers are entitled to qualified immunity because they "did not violate the constitutional rights of the Plaintiff." Armijo, 601 F.3d at 1075. Given that qualified immunity applies because "no constitutional violation occurred . . . the City of [Las Cruces] cannot be held liable in this case." Wilson, 98 F.3d at 1255. Accordingly, to the extent that Plaintiff asserts them, any associated § 1983 claims of municipal liability against the City of Las Cruces will be dismissed.

WHEREFORE,

IT IS ORDERED that Defendants' motion for summary judgment **[Doc. 8]** on Plaintiff's Fourth Amendment claims pursuant to § 1983 is **granted** on the basis of qualified immunity and those claims are **dismissed** with prejudice.

IT IS FURTHER ORDERED that, to the extent they are asserted, any associated § 1983 claims of municipal liability against the City of Las Cruces are **dismissed** with prejudice.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE